

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00707-CR

Julian Lawrence **NAVARRO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-12-0325
Honorable Frank Follis, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  November 5, 2014

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Julian Navarro was convicted by a jury of resisting arrest.  The court sentenced Navarro to one year in county jail, assessed a $4,000 fine, and imposed $302 in court costs and $1,015 in court-appointed attorney fees.  Navarro appealed.

Navarro's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw.  In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit.  The brief meets the *Anders* requirements.  *See id*.; *see also*

*High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Navarro with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Navarro did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing court-appointed attorney's fees as costs against Navarro should be modified because the record reflects he is indigent. A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013); TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). The record in this case does not support a determination that Navarro's financial circumstances or ability to pay attorney's fees changed after the trial court first determined him to be indigent. *See Cates*, 402 S.W.3d at 252. The proper remedy is to reform the judgment and to delete the attorney's fees from the bill of costs as well as any ensuing order permitting withdrawals from the appellant's inmate account. *See id.* at 251-52.

Therefore, we modify the judgment to delete the assessment of attorney's fees against Navarro. The bill of costs and any order to withdraw funds from appellant's inmate trust account are modified to delete the requirement that he pay $1,015 in court-appointed attorney fees. We grant the motion to withdraw filed by Navarro's appellate counsel and affirm the trial court's judgment as modified.

No substitute counsel will be appointed. Should Navarro wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH